**CLARK, Plaintiff, v. CINCINNATI (City) et, Defendants.**

Common Pleas Court, Hamilton County.

No. A-142671. Decided August 26, 1954.

Robinson & Hellebush, Cincinnati, for plaintiff.

Henry M. Bruestle, City Solicitor, James W. Farrell, Jr., Edgar W. Holtz, Asst. Solicitors, Cincinnati, for defendants.

## OPINION

By SCHNEIDER, J.:

Plaintiff seeks to enjoin the City of Cincinnati and its officers from enforcing certain provisions of an ordinance providing for the levy and collection of an income tax.

The taxpayers are divided into two classifications: first, those persons receiving salaries, wages and commissions; and second, corporations, and those persons engaged as individuals in business and professions.

The ordinance was passed by the Council on February 10th, 1954, and by its terms specifically provides that the tax "shall be levied, collected and paid with respect to the salaries, wages, collections and other compensation earned during the period of April 1st, 1954, to October 31, 1954, both inclusive"; and "shall be levied, paid, and collected with respect to the net profits of corporations, businesses, professions and other activi-

ties earned from April 1, 1954, to October 31, 1954, both inclusive."

Persons earning salaries or wages are required under the ordinance to pay one per cent of such wages and salaries received during the months of April to October inclusive.

Corporations and those who earn income from business or professions are **levied** a tax of one per cent upon the net profits earned during the months of April to October inclusive but are required to **pay** a tax of one per cent on 7/12ths of the net profits of such business or profession for the entire year of 1954.

Plaintiff's contention that this provision is retroactive is answered by counsel for the city that the Constitution of Ohio provides only that the general assembly shall not pass retroactive laws; that the City of Cincinnati is controlled by the home rule sections which do not prohibit the City of Cincinnati from adopting a retroactive income tax ordinance. It should be sufficient to remind counsel that Section 10 of Article I of the Constitution of the United States provides "No State shall pass any ex post facto law." Cincinnati, a municipal corporation, being a political subdivision of the State of Ohio, is doubtless bound by this provision in our United States Constitution notwithstanding its power and authority as a charter city.

The evidence shows that the plaintiff and other persons similarly situated have greater net earnings during the months of November, December, January, February and March than they do during the months of April to October inclusive It was also conclusively shown by the evidence that certain wage earners, in particular school teachers in the Cincinnati School District are paid on a ten month year basis and receive no salary or earnings as school teachers during the months of July and August. It is also pointed out that some wage earners have more steady employment and receive greater earnings during April to October inclusive than they do in the remaining months of the year; but, on the other hand, wage earners in other lines of activities have less employment and lower earnings during April to October inclusive than they do in the remaining five months of the year.

It is also to be noted that wage earners pay one per cent upon the gross earnings notwithstanding that the employer withholds federal income tax which the wage earner does not even handle and, furthermore, the wage earner is not permitted to deduct from his wages other taxes such as upon real estate, intangibles, sales, gasoline, inheritance, etc. In other words, he is taxed on his taxes. But corporations, business and

professional men are permitted under the ordinance to deduct all such taxes except federal income taxes in figuring net earnings upon which the city income tax is levied.

The Court is not requested in this case to declare the ordinance and the tax levied thereunder to be invalid in its entirety so that plaintiff and others would be relieved from paying any income tax under the ordinance. The right of a municipality to so tax has been upheld by the Courts because the General Assembly has not "preempted this field of taxation," even though Ohio, with other States, apparently waived or granted its inherent rights in this field of taxation by the terms of Amendment XVI of the Constitution of the United States and under which Congress has been increasingly active for many years. It is interesting to note that this amendment to the United States Constitution was effective in 1913, one year after **Section 8 of Article XII of the Ohio Constitution** was adopted providing that laws may be passed taxing incomes.

What petitioner does contend is that the attempt by the City to collect a tax from him and others similarly situated as provided in Section 3 of the ordinance is discriminatory, arbitrary and illegal. As stated above the levy of the tax is upon earnings for seven specific months. To collect the tax on 7/12ths of the net earnings of the year would mean that the city is in fact collecting a tax upon earnings made three months before the law was effective and two months after the law, by its specific terms, becomes ineffective. These provisions are most confusing and certainly inconsistent. It is shown by the evidence that the greater earnings of plaintiff and others similarly situated are in the five months not included within the ordinance. In such case it is conceivable that one per cent of the net earnings for the seven months would be smaller in amount than one per cent of 7/12ths of the net earnings for the entire year. On the other hand, it is fair to assume that other businesses and professions will face the reverse situation where one per cent of the net earnings for the seven months would be greater in amount than one per cent of 7/12ths of the net earnings for one year. In the one case the taxpayer would be required to **pay** an amount greater than the amount of tax **levied** and, in the other case, the taxpayer would **pay** an amount less than the amount of tax levied. This means simply, that a greater percentage or rate of tax is attempted to be imposed upon one taxpayer within a class or group than upon another taxpayer within the same class or group. This is inconsistent with the provisions of **Section 8 of Article XII of the Ohio Constitution** that income taxes may be either uniform or graduated. Under this ordinance the tax is neither uniform nor graduated.

The city explains these discriminatory and arbitrary provisions of the ordinance by contending that citizens of the city require services and the city needs the money to pay for such services, that the tax is merely a temporary one, the method used for getting this needed money represents a simplification of collection, and that while the ordinance does not achieve mathematical exactness or precise uniformity in the treatment of all taxpayers it does distribute the tax burden in the fairest and most reasonable manner. It is true that every tax law will necessarily contain some inequalities. The Courts have recognized this fact. However, this Court cannot agree that the present ordinance comes within the classification of insurmountable discrimination and inequality. Expediency will not justify a disregard of the constitutional and legal rights of each individual taxpayer even though the amount involved in any one case might be small. No tax is insignificant, especially when a criminal penalty of possible imprisonment is provided for refusal to pay the tax. Here again this ordinance seems to run counter to the Constitution which provides that "no person shall be imprisoned for debt in any civil action unless in cases of fraud." A debt owing a governmental unit is no exception.

An order will be made restraining the defendants from levying upon and collecting from plaintiff any amount in excess of one per cent of his net earnings for the months of April 1, 1954, to October 31, 1954, both dates inclusive.